```
                    UNITED STATES DISTRICT COURT
                        DISTRICT OF MINNESOTA

 ------------------------------------------------------------
                                  )
 United States of America,        )  File No. 11-CR-386
                                  )          (MJD)
        Plaintiff,                )
                                  )
 vs.                              )  Minneapolis, Minnesota
                                  )  September 4, 2012
 Okwuchukwu Emmanuel Jidoefor,    )  2:15 p.m.
                                  )
        Defendant.                )
                                  )
 ------------------------------------------------------------

           BEFORE THE HONORABLE MICHAEL J. DAVIS
              UNITED STATES DISTRICT COURT JUDGE

                      (SENTENCING HEARING)


APPEARANCES
  For the Plaintiff:        U.S. Attorney's Office
                            ANN M. ANAYA, AUSA
                            600 U.S. Courthouse
                            300 South Fourth Street
                            Minneapolis, Minnesota 55415

  For the Defendant:        CAROLINE DURHAM, ESQ.
                            Suite 7243
                            1072 West Peachtree Street
                            Atlanta, Georgia 30357

  Court Reporter:           LORI A. SIMPSON, RMR-CRR
                            Suite 146
                            316 North Robert Street
                            St. Paul, Minnesota 55101




      Proceedings reported by court reporter; transcript
 produced by computer.
```

|   |                                                                                  |
|---|----------------------------------------------------------------------------------|
| 1 | **P R O C E E D I N G S** |
| 2 | **IN OPEN COURT** |
| 3 | (Defendant present) |
| 4 | THE COURT:  Let's call this matter, please. |
| 5 | COURTROOM DEPUTY:  The United States of |
| 6 | America vs. Okwuchukwu Emmanuel Jidoefor, Criminal Case |
| 7 | Number 11-CR-386. |
| 8 | Counsel, please state your appearances for the |
| 9 | record. |
| 10 | MS. ANAYA:  Good afternoon, Your Honor.  Ann Anaya |
| 11 | on behalf of the United States. |
| 12 | THE COURT:  Good afternoon. |
| 13 | MS. DURHAM:  Good afternoon, Your Honor.  Caroline |
| 14 | Durham on behalf of Mr. Jidoefor, who is at counsel table. |
| 15 | THE COURT:  Please step forward.  Counsel, have |
| 16 | you had an opportunity to review the Presentence |
| 17 | Investigation Report that has been prepared for the Court? |
| 18 | MS. ANAYA:  The government has, Your Honor.  We |
| 19 | have no objections. |
| 20 | MS. DURHAM:  Your Honor, the defense has and I |
| 21 | noted the objections in our position paper to the |
| 22 | calculations.  And I would simply stand on the pleadings |
| 23 | that I have provided, Judge. |
| 24 | THE COURT:  The Court has reviewed the Presentence |
| 25 | Investigation Report and will adopt the Presentence |

1  Investigation Report as its own.

2  The total offense level is 24, Criminal History
3  Category of I, imprisonment range of 51 to -- I'm sorry.
4  The Court will adopt the plea agreement that the government
5  and the defendant agreed to as the potential guideline range
6  of 12 to 18 months with an offense level of 13 and a
7  Criminal History Category of I.

8  The Court has received from the government a
9  motion and a memorandum, a letter of memorandum, requesting
10  that the Court grant a motion for downward departure
11  pursuant to United States Sentencing Guidelines provision
12  5K1.1 in this matter.

13  In that letter the government, in great detail,
14  outlines the substantial assistance.  I think defense
15  correctly describes it as extraordinary substantial
16  assistance, and I would agree with that.  And so the Court
17  will grant the government's motion for downward departure.

18  Anything for the defense?

19  MS. DURHAM:  Yes, Your Honor.  If I may approach,
20  I have provided counsel and the Probation Office, it's
21  Defendant's Exhibit 1.  I just wanted the Court to see the
22  storefront that Mr. Jidoefor has opened that I describe in
23  the position paper.

24  The first time I drove past the store, I was
25  struck by the fact that it makes a visual impact there in

1   that neighborhood, a neighborhood that has struggled for
2   quite some time and particularly in the last year.  So too
3   has Mr. Jidoefor and his business struggled, but he hasn't
4   given up, just as he hasn't given up with the work that he
5   has done with the government.
6          The intertwining of the value of the assistance
7   and the 3553(a) factors, it's clear that there is so much
8   more gained in this case as he stands before you than we
9   might see from substantial assistance.  In many respects his
10  assistance was selfless because he knows he's got to make
11  right the wrongs that he's done.  The support that he has
12  from the task force is visible even this afternoon, Judge.
13         And I would ask the Court to find that the
14  combination of the factors presented as to who Mr. Jidoefor
15  is presented in the position paper and the PSR as applied to
16  3553(a) and then coated with the assistance he's given is
17  sufficient to find that a noncustodial sentence is
18  appropriate.
19         Thank you.
20         THE COURT:  Sir, step forward.  This is your
21  opportunity to speak to me.  You have an absolute right to
22  talk to me.  You have an absolute right to tell me anything
23  that you want to tell me about yourself, about this offense,
24  or anything else that you think I should know before I
25  sentence you.  Please speak to me.

1           THE DEFENDANT:  Your Honor, I was wrong, but I've
2  been doing right a long time, for almost two years since I
3  met the government, and I've been very truthful to know who
4  I am, but I find out who I am right now.  I am thankful for
5  you to forgive me for the wrong that I did, but I am always
6  going to stand up doing right.
7           THE COURT:  All right.  Thank you.
8           Anything for the Government?
9           MS. ANAYA:  Your Honor, we would concur with the
10 Court's characterization of the cooperation as extraordinary
11 in this case.  We do not object to the sentence requested by
12 defense.  And I have to say that over the course of months
13 getting to know Mr. Jidoefor, that what he just told you,
14 that he is trying to do right and do good, is exactly what
15 I've seen in every interaction with him.
16          I can't tell the Court how difficult from my
17 perspective it must have been for him to take the stand in
18 this case, both an act of courage and also a testament to
19 his commitment to do right, courage because of his
20 predicament he was in and knowing the danger that he faced
21 in providing information about this conspiracy, but also
22 difficult because he knew he had to speak in public and he
23 had to speak in front of the defendants, and that's
24 difficult for him.  And he did it without hesitating.  He
25 did it as a display of great commitment to doing right, and

1    I think it shows his strength.
2             He has developed over the course of months into a
3    person that is committed to, in addition to doing right,
4    turning his life around and opening up businesses and trying
5    to use the skills that he has as a people person to actually
6    provide services in our neighborhoods here in Minneapolis.
7             So, Your Honor, with that, I would ask the Court
8    to consider the 3553 factors mentioned in the defense
9    papers.
10            THE COURT:  All right.  One question I have for
11   the government.  How close is he to getting his visa?
12            MS. ANAYA:  Your Honor, the S visa process is one
13   that has never been, at least to my knowledge, attempted
14   before.  So it's a new process for me.  It is complicated by
15   the fact that he's adding his mother.  So I guess that's a
16   long way of telling the Court it's very difficult for me to
17   even guess.
18            THE COURT:  All right.
19            MS. ANAYA:  In the meantime, he will be here
20   legally based on the temporary visa.
21            THE COURT:  All right.  On February 10, 2012 the
22   defendant entered a plea of guilty as charged in a one-count
23   Information, charging him with bank fraud, in violation of
24   Title 18, United States Code, Sections 1344 and 2, a Class B
25   felony.  It is considered and adjudged that the defendant is

1       guilty of that offense.  The Court will sentence as follows:
2               The Court has read the Presentence Investigation
3       Report, the submissions of counsel.  The Court has read the
4       submission of the government dealing with the 5K1.1 motion
5       for departure and has granted that motion because this
6       defendant has given extraordinary cooperation to the
7       government and should be rewarded for his truthfulness and
8       his willing to put his life on the line for the government.
9       Therefore, the Court will sentence as follows:
10              The Court is also taking into effect the factors
11      under Title 18, 3553(a), and all the United States Supreme
12      Court decisions and Eighth Circuit Court of Appeals
13      sentencing decisions that are pertinent to this case and
14      will sentence as follows:
15              Before I -- I should finish up with the guideline
16      range.  Again, it's total offense level of 13, criminal
17      history of I, custody range of 12 to 18 months, supervised
18      release two to three years, fine range of 3,000 to 30,000
19      dollars, and a special assessment of $100.
20              The sentence is as follows:
21              The defendant is hereby sentenced to the care and
22      custody of the Bureau of Prisons for time served.
23              There is no fine.
24              And mandatory restitution is -- will be required,
25      but the amount owed to specified victims remains pending.

1   Payments of not less than $25 per month are to be made over
2   a period of five years, commencing 30 days from release from
3   confinement.  Payments are to be made payable to the Clerk,
4   United States District Court, for disbursement to the
5   victims.  The interest requirement is waived.
6           The defendant is sentenced to a term of five years
7   supervised release.  The following mandatory conditions are
8   applicable:
9           The defendant must report to the United States
10  Probation and Pretrial Services immediately after my
11  sentencing.
12          Next, the defendant shall not commit any crimes:
13  federal, state, or local.
14          Next, the defendant shall not illegally possess a
15  controlled substance.  The defendant shall refrain from any
16  unlawful use of a controlled substance.  The defendant shall
17  submit to one drug test within 15 days of release from
18  imprisonment and at least two periodic drug tests thereafter
19  as determined by the Court.
20          Next, the defendant shall not possess a firearm,
21  ammunition, destructive device, or any other dangerous
22  weapon.
23          Next, the defendant shall cooperate in the
24  collection of DNA as directed by the probation officer.
25          Next, the defendant shall pay restitution in

1    accordance with the Schedule of Payments sheet of the
2    judgment.
3            The defendant shall abide by the standard
4    conditions of supervised release that have been adopted by
5    this Court, including the following special conditions:
6            One, the defendant shall participate in a program
7    for substance abuse as approved by the probation officer.
8    That program may include testing and inpatient or outpatient
9    treatment, counseling, or support group.  Further, the
10   defendant shall contribute to the costs of such treatment as
11   determined by the Probation Office Co-Payment Program, not
12   to exceed the total cost of treatment.
13           Next, the defendant shall provide the probation
14   officer access to any requested financial information,
15   including credit reports, credit card bills, bank
16   statements, and telephone bills.
17           Next, the defendant shall be prohibited from
18   incurring new credit charges or opening additional lines of
19   credit without approval of the probation officer.
20           Next, if not employed at a regular lawful
21   occupation as deemed appropriate by the probation officer,
22   the defendant may be required to perform up to 20 hours of
23   community service per week until employed.  The defendant
24   may also participate in training, counseling, daily job
25   search, or other employment-related activities as directed

1   by the probation officer.
2           Next, the defendant shall participate in
3   educational programming as approved by the probation officer
4   to obtain a high school diploma or general equivalency
5   diploma or GED.
6           Next, the defendant shall comply with all
7   immigration rules and regulations and if deported from this
8   country, either voluntarily or involuntarily, not re-enter
9   the United States illegally.  Upon any re-entry to the
10  United States during the period of court-ordered
11  supervision, the defendant shall report to the nearest
12  United States Probation and Pretrial Services Office within
13  72 hours.
14          Finally, there's a $100 special assessment payable
15  to the Crime Victims Fund, which is due and payable
16  immediately.
17          Sir, if you feel the Court's sentence has not been
18  appropriate or did not follow the law or the Constitution,
19  you have a right to appeal your sentence to the Eighth
20  Circuit Court of Appeals, which sits in St. Louis.  You have
21  14 days from today's date to file that appeal.  Ms. Durham
22  will be your attorney on that appeal if you feel the Court
23  has not followed the law.
24          Anything further for the Government?
25          MS. ANAYA:  No, Your Honor.

1       THE COURT:  Anything further for the defense?
2       MS. DURHAM:  No, Your Honor.
3       THE COURT:  Good luck, sir.
4       THE DEFENDANT:  Thank you.
5       THE COURT:  We will recess until the next hearing.
6    (Court adjourned at 2:30 p.m.)
7                    *     *     *
8
9
10      I, Lori A. Simpson, certify that the foregoing is a
11   correct transcript from the record of proceedings in the
12   above-entitled matter.
13
14              Certified by:  *s/ Lori A. Simpson*
15                             Lori A. Simpson, RMR-CRR