UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                                 **MEMORANDUM OF LAW & ORDER**
                                  Criminal File No. 11-386 (MJD)

(1) OKWUCHUKWU EMMANUEL JIDOEFOR,

      Defendant.

Chelsea A. Walcker and David J. MacLaughlin, Assistant United States Attorneys, Counsel for Plaintiff.

Okwuchukwu Emmanuel Jidoefor, pro se.

## I.  INTRODUCTION

This matter is before the Court on Defendant Okwuchukwu Emmanuel Jidoefor's Pro Se Amended § 2255 Motion to Vacate [Docket No. 110], the Government's Motion to Dismiss Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 as Time Barred [Docket No. 118], Defendant's Motion for Appointment of Counsel [Docket No. 129], and Defendant's Pro Se Petition for

1

Judicial Notice and Request for Permission to Submit Additional Evidence [Docket No. 130].

## II.    BACKGROUND

On February 10, 2012, Defendant Okwuchukwu Emmanuel Jidoefor pled guilty to the one-count Information, Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2.  On September 4, 2012, the Court sentenced Defendant to time served followed by five years' supervised release.  [Docket No. 25]  The restitution amount was left open.  On August 27, 2013, the Court entered an Amended Judgment amending the restitution owed to $102,333.95.  [Docket No. 30]  On May 13, 2015, Defendant's supervised release was revoked, and he was sentenced to the custody of the Bureau of Prisons for time served followed by supervised release until the original expiration date of September 3, 2017.  [Docket No. 65]

On August 15, 2017, Defendant was charged with conspiracy to commit mail and wire fraud and mail fraud in United States v. Jidoefor, Criminal File No. 16-340(4) (MJD/BRT).  On August 16, 2017, a summons was issued for Defendant to make a first appearance in the 16-340 case on September 1, 2017.  [16-340 Docket No. 96]  Defense counsel appeared for Defendant's first

2

appearance hearing on September 1, 2017, but Defendant did not, and a bench warrant was issued. [16-340 Docket No. 120]

In the current case, 11-386, the Court issued a summons for Defendant to appear to show cause why supervision should not be revoked. [Docket Nos. 74, 76] Defendant was arrested in New Jersey in June 2020. [Docket No. 83] [16-340 Docket No. 483] Defendant is now in custody awaiting a final revocation hearing in this case and the trial of the new criminal case, in which he has pled not guilty.

On March 26, 2021, Defendant sent a letter to the Court, captioned with the 11-386 case number, asserting that defense counsel Caroline Durham, who represented him in the current case from its inception through the May 13, 2015, final revocation hearing, provided ineffective assistance of counsel under the Sixth Amendment. [Docket No. 100] On March 31, 2021, the Court issued a Castro warning order [Docket No. 101] with regard to Defendant's March 26, 2021, letter [Docket No. 100]. On June 4, 2021, Defendant filed the current Pro Se Amended § 2255 Motion to Vacate. [Docket No. 110] On July 2, 2021, the Government filed a Motion to Dismiss Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 as Time Barred. [Docket No. 118]

**III.   DISCUSSION**

### A.     Standard for Relief under 28 U.S.C. § 2255

28 U.S.C. § 2255(a) provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and, if uncorrected, would result in a complete miscarriage of justice. A movant may not raise constitutional issues for the first time on collateral review without establishing both cause for the procedural default and actual prejudice resulting from the error.

United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996) (citation omitted). Alternatively, the procedural default can be excused if the defendant can demonstrate that he is actually innocent. Bousley v. United States, 523 U.S. 614, 622 (1998).

A petitioner is entitled to an evidentiary hearing on a § 2255 motion, "[u]nless the motion and the files of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b).

4

> [A] petition can be dismissed without a hearing if (1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.

Engelen v. United States, 68 F.3d 238, 240 (8th Cir. 1995) (citations omitted).

### B.    Defendant's Stated Grounds for Relief

Defendant asserts that he is entitled to relief because defense counsel was ineffective in connection with his guilty plea and sentencing, in particular for failing to provide accurate advice on the immigration consequences of his guilty plea.

### C.    Timing

A one-year period of limitation shall apply to petitions under 28 U.S.C. § 2255.

The limitation period shall run from the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

5

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

None of the four available grounds apply to permit Defendant's current § 2255 Motion.

### 1. Date on Which the Judgment of Conviction Became Final

The Criminal Judgment in this case was entered on September 6, 2012. [Docket No. 25] Defendant did not file an appeal. His judgment became final on September 20, 2012, the date on which the 14-day period for filing a notice of appeal expired. Fed. R. App. P. 4(b)(1)(A); Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Defendant had one year after his conviction became final to file his § 2255 petition, yet he waited more than eight years to do so.

### 2. Date on Which a Government Impediment Was Removed

Defendant does not allege any Government impediment to his ability to file his § 2255 petition. This ground is not applicable.

6

> 3. **Date on Which a Right Was Newly Recognized by the Supreme Court and Made Retroactively Applicable to Cases on Collateral Review**

Defendant does not assert a basis for his § 2255 petition arising from a right that was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review. This ground is not applicable.

> 4. **Date on which the Facts Supporting the Claims Presented Could Have Been Discovered Through the Exercise of Due Diligence**

Defendant claims that he did not realize that his immigration status would not be changed to become a permanent resident because he continued to cooperate with the Government after his conviction. He asserts that because he continued to cooperate, "the Federal Government provided work authorization and deferred action status for the Defendant through December 2015." ([Docket No. 122] Def. Resp. in Opp. at 2 n.1.) Assuming Defendant's claim were correct and provided a basis to toll the statute of limitations, the statute of limitations would have expired in December 2016, still more than four years before he filed his § 2255 Motion.

Defendant also claims that he received certain information in response to FOIA requests that extended the statute of limitations. (Def. Resp. at 2.)

7

Defendant does not specify what this information is; however, a thorough review of Defendant's Amended § 2255 Motion and the attached exhibits, some of which appear to have been obtained through the FOIA request, reveal no information that would support the claim that Defendant could not have discovered the facts supporting his claims through the exercise of due diligence until one year before he filed the § 2255 Motion with this Court.

Defendant also asserts that the Government withheld exculpatory evidence, which extended the statute of limitations. (Def. Resp. at 3.) After a careful review of the record, the Court finds no allegation of exculpatory evidence that would support the claim that Defendant could not have discovered the facts supporting his claims through the exercise of due diligence until one year before he filed the § 2255 Motion with this Court.

### 5. Equitable Tolling

Equitable tolling may be available when extraordinary circumstances exist, beyond the petitioner's control, that would justify equitable tolling, and the petitioner has acted with due diligence in pursuing his petition. See Byers v. United States, 561 F.3d 832, 836 (8th Cir. 2009). Defendant points to no such extraordinary circumstances in this case.

### 6. Actual Innocence Exception

Habeas petitioners asserting an actual innocence claim will not be automatically time-barred if they file after the one-year limitations period has run. McQuiggin v. Perkins, 569 U.S. 383, 386 (2013). Under this exception "a credible showing of actual innocence may allow a prisoner to pursue his constitutional claims . . . on the merits notwithstanding the existence of a procedural bar to relief." Id. at 392. This is a "demanding" standard which requires that the petitioner present "evidence of innocence so strong that a court cannot have confidence in the outcome of the trial." Id. at 1936 (citation omitted). This exception "applies to a severely confined category: cases in which new evidence shows it is more likely than not that no reasonable juror would have convicted [the petitioner]." Id. at 395 (citation omitted). Furthermore, a petitioner's "[u]nexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." Id. at 399.

There is no evidence of actual innocence in this case.

### 7. Defendant's Habeas Petition Is Untimely

Because Defendant filed his § 2255 motion more than one year after the latest of the dates listed in § 2255(f) and neither equitable tolling nor the actual innocence exception apply, the motion is untimely and is dismissed.

### D. Petition for Judicial Notice and Request for Permission to Submit Additional Evidence

Defendant requests that, in connection with his Amended § 2255 Motion, the Court take notice that his name is spelled "Okmwuchukwu Emmanuel Jideofor," rather than "Okwuchukwu Emmanuel Jidoefor." Defendant submits as exhibits two immigration forms that list his name as "Okwuchukwu Jideofor" and a Certificate of Service completed by Defendant with an illegible signature that lists his name as "Okwuchukwu E. Jideofor." Defendant has raised the issue of the correct spelling of his name in both this and his more recent current pending federal case, Criminal File No. 16-340. The Government has pointed to ample evidence showing that the official spelling of Defendant's name is "Okwuchukwu Emmanuel Jidoefor." [16-340 Docket No. 629] At this time, the Court concludes that Defendant has not shown that the correct official spelling of his name is "Okmwuchukwu Emmanuel Jideofor," and his request to alter the spelling of his name in this case is denied without prejudice.

E.   **Appointment of Counsel**

Defendant requests counsel for purposes of his § 2255 petition. However,

> [t]here is no right to counsel on habeas review. Nevertheless, an indigent pro se litigant who has met his burden of showing his complaint not to be frivolous pursuant to 28 U.S.C. § 1915(d) should be appointed counsel where necessary. The standard for appointment of counsel in § 1915(d) cases is whether both petitioner and the court would benefit from the assistance of counsel. Factors bearing on this determination include: the factual complexity of the issues; the ability of an indigent to investigate the facts; the existence of conflicting testimony; the ability of an indigent to present his claim; and the complexity of the legal issues.

Nachtigall v. Class, 48 F.3d 1076, 1081-82 (8th Cir. 1995) (citations omitted). A district court is mandated to appoint counsel for financially qualified petitioners if it determines that an evidentiary hearing is required to resolve the claims. Green v. United States, 262 F.3d 715, 716 (8th Cir. 2001). If an evidentiary is not necessary, the appointment of counsel is left to the court's discretion. Abdullah v. Norris, 18 F.3d 571, 573 (8th Cir. 1994). A habeas petitioner may be appointed counsel "if the interests of justice so require." Id.; 18 U.S.C. § 3006A(a)(2)(B).

The Court has reviewed Defendant's motion and concludes that an evidentiary hearing is not necessary for the Court to resolve Defendant's claims, because his motion is clearly time-barred. The Court further concludes that the interests of justice do not require the appointment of counsel. This case is neither

11

factually nor legally complex, and the Court can resolve Defendant's claims based on the pre-existing record. Defendant's motion and his subsequent response to the Government's opposition brief demonstrate that he has the ability to articulate his claims and file his pleadings. Defendant's request for appointment of counsel in connection with his pending Amended § 2255 Motion is denied.

## IV.   CERTIFICATE OF APPEALABILITY

With regard to the Court's procedural rulings, the Court concludes that no "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right;" nor would "jurists of reason . . . find it debatable whether the district court was correct in its procedural ruling." Slack v. McDaniel, 529 U.S. 473, 484 (2000). With regard to the Court's decision on the merits, it concludes that no "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. Therefore, the Court denies a Certificate of Appealability in this case.

Accordingly, based upon the files, records, and proceedings herein, **IT IS HEREBY ORDERED**:

1. Defendant Okwuchukwu Emmanuel Jidoefor's Pro Se Amended § 2255 Motion to Vacate [Docket No. 110] is **DENIED**.

2. Government's Motion to Dismiss Defendant's Amended Motion to Vacate under 28 U.S.C. § 2255 as Time Barred [Docket No. 118] is **GRANTED.**

3. Defendant's Motion for Appointment of Counsel [Docket No. 129] is **DENIED**.

4. Defendant's Pro Se Petition for Judicial Notice and Request for Permission to Submit Additional Evidence [Docket No. 130] is **DENIED**.

5. The Court denies a Certificate of Appealability in this case.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:   April 18, 2022               s/Michael J. Davis
                                      Michael J. Davis
                                      United States District Court