UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            **MEMORANDUM OF LAW & ORDER**
                                Criminal File No. 16-340 (MJD/BRT)

(4) OKWUCHUKWU EMMANUEL JIDOEFOR,

      Defendant.

David J. MacLaughlin and Chelsea A. Walcker, Assistant United States Attorneys, Counsel for Plaintiff.

Jordan S. Kushner, Law Office of Jordan S. Kushner, Counsel for Defendant.

## I.    INTRODUCTION

This matter is before the Court on Defendant's Motion to Reopen and for Reconsideration of Restitution.  [Docket No. 93]

## II.    BACKGROUND

On February 10, 2012, Defendant Okwuchukwu Emmanuel Jidoefor pled guilty to the one-count Information, Bank Fraud, in violation of 18 U.S.C. §§ 1344 and 2.  Defendant agreed that restitution was mandatory.  (Plea Agreement ¶ 10.)

1

On September 4, 2012, the Court sentenced Defendant to time served followed by five years' supervised release. [Docket No. 25] The restitution amount was left open as the amount owed to the specified victims was still being calculated. ([Docket No. 124] Tr. 7-8.)

On August 15, 2013, the Government filed a Motion to Amend Judgment requesting that restitution be entered in the amount of $102,333.95 for three victims. [Docket No. 28] As reflected in CM/ECF, the motion was electronically served on, among others, defense counsel Caroline Durham. No opposition or objection was filed. On August 27, 2013, the Court entered an Amended Judgment amending the restitution owed to $102,333.95. [Docket No. 30] The Amended Judgment was electronically served on, among others, Durham.

On May 13, 2015, after a hearing at which Defendant was represented by Durham, Defendant's supervised release was revoked, and he was sentenced to the custody of the Bureau of Prisons for time served followed by supervised release until the original expiration date of September 3, 2017. [Docket No. 65]

On August 13, 2015, a request to amend Defendant's schedule of payments on the restitution amount was filed. [Docket Nos. 67-68] On August 19, 2015,

2

the Court granted the petition, in an order recounting Defendant's $102,333.95 restitution obligation, Defendant's default in paying the Court-ordered monthly restitution amount of $25 per month, and the amendment of the schedule to only require payments of $15 per month.  [Docket No. 69]

Court records show that Defendant made two payments towards his restitution obligation on October 7, 2016, and November 4, 2016, respectively. [Docket No. 96]

On August 15, 2017, Defendant was charged with conspiracy to commit mail and wire fraud and mail fraud in United States v. Jidoefor, Criminal File No. 16-340(4) (MJD/BRT).  On August 16, 2017, a summons was issued for Defendant to make a first appearance in the 16-340 case on September 1, 2017. [16-340 Docket No. 96]  Defendant failed to appear for his first appearance hearing on September 1, 2017, and a bench warrant was issued.  [16-340 Docket No. 120]

In the current case, 11-386, the Court issued a summons for Defendant to appear to show cause why supervision should not be revoked.  [Docket Nos. 74, 76]  Defendant was arrested in New Jersey in June 2020.  [Docket No. 83] [16-340

3

Docket No. 483] Defendant is now in custody awaiting a final revocation hearing in this case and the trial of the new criminal case, in which he has pled not guilty.

Defendant has now filed a Motion to Reopen and for Reconsideration of Restitution. He asserts that he was never served or otherwise provided with the Government's Motion to Amend Judgment [Docket No. 28] filed August 15, 2013. He claims that this lack of notice and hearing regarding restitution violated his due process rights; and that the process by which the restitution was amended violated 18 U.S.C. § 3664(a) and Federal Rule of Criminal Procedure 32(c). Defendant further objects that the restitution order violation 18 U.S.C. § 3664(d)(5), which requires a final determination of restitution "not to exceed 90 days after sentencing."

## III. DISCUSSION

### A. Jurisdiction

The Court rejects Defendant's assertion that it lacked jurisdiction to enter the restitution order because the Government's restitution request was filed too long after the 90-day deadline. 18 U.S.C. § 3664(d)(5) requires the Court to set a date to determine the restitution amount no more than 90 days after sentencing.

4

However, the 90-day limit is not jurisdictional. See Dolan v. United States, 560 U.S. 605, 608 (2010). The 90-day deadline in the Mandatory Victims Restitution Act "seeks speed by creating a time-related directive that is legally enforceable but does not deprive a judge or other public official of the power to take the action to which the deadline applies if the deadline is missed." Dolan, 560 U.S. at 611. "The fact that a sentencing court misses the statute's 90–day deadline, even through its own fault or that of the Government, does not deprive the court of the power to order restitution." Id.

**B.  Due Process**

The Government's Motion to Amend Judgment [Docket No. 28] was filed electronically on August 15, 2013, and served on Defendant through his counsel, Caroline Durham. See Fed. R. Crim. P. 49(a)(2), (3). Defendant filed no opposition to the Government's motion, and the Court granted the motion on August 27, 2013. The Amended Judgment was served on Defendant through counsel on August 27, 2013. Defendant did not appeal the Amended Judgment.

On November 5, 2014, the Court entered an Order granting a Petition regarding violation of supervised release. [Docket No. 40] The Order stated,

among other things, that Defendant owed restitution of $102,333.95 and that he had failed to pay any money towards his restitution obligation. On November 7, 2014, Defendant appeared before the Court on an initial appearance regarding revocation of his supervised release. [Docket No. 43] On November 10, 2014, Durham was appointed to represent Defendant with regard to that revocation. [Docket Nos. 42] Durham and Defendant appeared together before the Court on January 12, 2015, for the final revocation hearing, at which Durham stated that Defendant understood the restitution he had to pay, and Defendant stated that he had not been paying his restitution amount. The hearing was continued to allow briefing regarding Defendant's immigration status and financial dealings. [Docket No. 51] Durham and the Government filed briefs, and the final revocation hearing was held on May 13, 2015, at which Durham and Defendant both appeared. [Docket No. 66] Defendant was found in violation of his supervised release, he was sentenced to time served, and an additional condition was added to his terms and conditions of supervised release. [Docket Nos. 65-66]

On August 13, 2015, a request to amend Defendant's schedule of payments on the restitution amount was filed. [Docket Nos. 67-68]  On August 19, 2015, the Court granted the petition in an order recounting Defendant's $102,333.95 restitution obligation, Defendant's default in paying the Court-ordered monthly restitution amount of $25 per month, and the amendment of the schedule to require only payments of $15 per month.  [Docket No. 69]  Then, more than five years later, Defendant filed the current motion asserting that he only became aware of his restitution obligation in the "past several months" before March 2021.

The facts of this case do not qualify as the type of "unique circumstances" that would support a finding of a violation of due process based on lack of "notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  United States v. Adejumo, 777 F.3d 1017, 1019 (8th Cir. 2015) (citation omitted).  In Adejumo, the "unique circumstances" included "the appointment of new counsel in [the Eighth Circuit]" and trial counsel's "withdrawal of his motion to withdraw as counsel in district court stating that he

7

anticipated future action by substitute counsel," leading to circumstances in which the notice of the motion to amend the judgment to order restitution to trial counsel was not reasonably calculated to notify the defendant. Id.  Here, notice of the motion to amend was served on Defendant's then current counsel who had not moved to withdraw.  No other counsel had been appointed by the Eighth Circuit.  And, in fact, Durham continued to represent Defendant and appear in Court with Defendant years after the motion to amend and the amended judgment were entered and in proceedings in which the restitution obligation was mentioned, and no objection to amending the judgment to include restitution was ever raised.

      The Court concludes that no due process violation occurred.  Defendant was notified of the motion to amend the judgment to include restitution, no opposition was lodged, the judgment was amended, Defendant was notified of the amended judgment, and Defendant failed to appeal.  Defendant provides no basis to reopen restitution more than eight years after the amended judgment was entered.  Therefore, the order of restitution is final, and the motion to reopen restitution is denied.  See, e.g., United States v. Lallemand, 207 F. App'x 665, 666–

67 (7th Cir. 2006) (holding that, when, after time for a Rule 35 motion had expired, defendant "sought outright termination of his restitution obligation, not simply a change in the timing of collection," the district court lacked jurisdiction to adjudicate the "validity of the restitution order" because "[a]bsent a specific statute or rule, a district court lacks jurisdiction to revisit a sentence"); United States v. Raether, No. CR 95–40012 02, 2007 WL 61012, at *2 (D.S.D. Jan. 8, 2007) ("[The defendant] points to no statutory authority which would allow the Court to amend the judgment in his criminal case in order to change the amount of restitution, and the Court is aware of none.").

Accordingly, based upon the files, records, and proceedings herein**, IT IS HEREBY ORDERED**:

> Defendant's Motion to Reopen and for Reconsideration of Restitution [Docket No. 93] is **DENIED**.


Dated:  May 13, 2022               s/Michael J. Davis
                                   Michael J. Davis
                                   United States District Court

9